1:22-cv-10060
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| TAO AN, CHUNGANG GUAN, ) | |
| CUI QINGYUN, HUIMIN LIN, ) | |
| BEILE LI, YANMING WANG, ) | |
| TAO ZHENG, ZHENG HU ) | |
| YUAN CAO, LINWAN FENG, ) | |
| ) | |
| Plaintiffs, ) | COMPLAINT FOR, |
| v. ) | INTER ALIA, VIOLATION OF THE |
| ) | FOREIGN AGENTS REGISTRATION |
| WEIJIAN SHAN, ) | ACT AND INTENTIONAL TORTS |
| BO LEILEI SHAN, ) | REQUESTING INJUNCTIVE, |
| ) | EQUITABLE RELIEF |
| Defendants. ) | |
| ) | JURY DEMANDED |
| _____ ) | |

## PRELIMINARY STATEMENT

1. The Defendants have, at all times relevant to the claims herein, operated as unregistered agents of either or both foreign principals: 1) the People's Republic of China ("PRC"); and/or, 2) the Chinese Communist Party ("CCP"), and at the behest of the PRC and CCP have worked in a coordinated manner to harass, intimate, defame and deny the Constitutional rights of the Plaintiffs.

## JURISDICTION

2. The United States District Court for the Southern District of New York has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

## LEGAL BACKGROUND

3. U.S. Congress enacted the Foreign Agents Registration Act ("FARA"), requiring "foreign agents" to register with the Attorney General. As amended over the years, it applies broadly to anyone who acts on behalf of a "foreign principal" to, among other things, influence U.S. policy or public opinion. FARA is an important tool to combat foreign influence in the United

States. It creates transparency by requiring certain agents of foreign principals who are engaged in political activities or other activities specified under the statute to make periodic public disclosure of their relationship with the foreign principal. One "who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control" of a foreign principal is required to register under FARA.[1] 22 U.S.C. § 611(c)(1). 22 U.S. Code § 612(a) provides that "No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement."

## FACTS

4. The Plaintiff Tao An is an individual residing in Miramar, Florida.

5. The Plaintiff Chungang Guan is an individual residing in Fresh Meadows, New York.

6. The Plaintiff Cui Qingyun is an individual residing in Pasadena, California.

7. The Plaintiff Huimin Lin is an individual residing in Morristown, New Jersey.

8. The Plaintiff Beile Li is an individual residing in Fort Lee, New Jersey.

9. The Plaintiff Yanming Wang is an individual residing in Southborough, Massachusetts.

10. The Plaintiff Tao Zheng is an individual residing in Miami, Florida.

11. The Plaintiff Zheng Hu is an individual residing in Marietta, Georgia.

12. The Plaintiff Yuan Cao is an individual residing in White Plains, New York.

13. The Plaintiff Linwan Feng is an individual residing in Harrison, New Jersey.

14. Upon information and belief, Defendant Weijian Shan (hereinafter "Defendant Shan") is a resident of California.

---

[1] Advisory Opinion (Aug. 26, 2011), available at https://www.justice.gov/nsd-fara/page/file/1070146/download

15. Upon information and belief, Defendant Shan maintains a residence at ▮▮▮ San Francisco, CA 94131.

16. Upon information and belief, Defendant Bo Leilei Shan (hereinafter "Defendant Bo Shan") is a resident of California.

17. Upon information and belief, Defendant Bo Shan maintains a residence at ▮▮▮ Atherton, CA 94027.

18. The Plaintiffs, as well as many other Chinese Nationals who have escaped to, and remain in, the United States, have been subjected to an ongoing campaign of harassment by agents of the CCP and PRC.

19. The Plaintiffs live in fear of harassment such as protracted litigation, defamation in media, illegal surveillance, and physical intimidation — acts that infringe of the Plaintiffs rights under the Constitution of the United States of America.

20. The Plaintiffs have been intimidated into refraining from exercising their rights to free speech, expression, association and assembly as a result of the Defendants acts.

21. The Plaintiffs have been intimidated into refraining from exercising their rights to free speech, expression, association and assembly as a result of the Defendants acts against other people similarly situated.

22. All people possess human rights and fundamental freedoms that governments must protect.[2] The government of the PRC guided by a totalitarian ideology under the absolute rule of the CCP, deprives citizens of their rights on a sweeping scale and systematically curtails freedoms as a way to retain power.[3]

---

[2] "China's Disregard for Human Rights" U.S. Department of State website 2017-2021, available at: https://2017-2021.state.gov/chinas-disregard-for-human-rights/index.html

[3] Id.

23. The CCP under General Secretary Xi Jinping has put enormous resources into influence abroad, estimated at $10 billion a year.[4]

24. Xi has elevated and expanded United Front activities, a so-called "magic weapon" that relies on coopting Chinese diaspora communities and building relationships with Western enablers to make the "foreign serve" the CCP.[5] The CCP builds varied and long-term relationships.

25. The PRC has a distinctive system that blurs the lines between classical espionage, clandestine operations, and influence-seeking.

26. Defendant Shan, presents himself to the English speaking world as "co-founder, Executive Director and Executive Chairman of the board of a firm called Pacific Alliance Group" ("PAG"). He claims over 28 years of experience in investment management.

27. In reality, Defendant Shan is the highest-level spy of the CCP. After decades of nefarious and questionable activities his influence penetrates into various aspects of the US economy, politics, and judiciary.[6]

28. Upon information and belief, Defendant Shan is not, and has never been, registered as a foreign agent, or any other capacity, pursuant to 22 U.S. Code § 612.

25. Upon information and belief, Defendant Shan is not entitled to claim any exceptions to registration pursuant to 22 U.S. Code § 612 that are enumerated in 22 U.S. Code § 613.

29. Upon information and belief, Defendant Shan has continuously been in a state of violation of 22 U.S. Code § 612 for at least 5 years or more, and such violation is ongoing.

30. Defendant Bo Shan is the son of Defendant Shan, and like his father assumes the role of an execute in the financial industry, to wit - Manager of a hedge fund called Gobi Capital, LLC.

---

[4] https://www.hudson.org/events/1571-chinese-influence-operations-in-the-democratic-world62018

[5] Id.

[6] https://gnews.org/articles/116053

31. Upon information and belief, Defendant Bo Shan is also working as a spy for the CCP.

32. Upon information and belief, Defendant Bo Shan's work for the CCP is in conjunction with Defendant Shan.

33. Upon information and belief, Defendant Bo Shan is not, and has never been, registered as a foreign agent, or any other capacity, pursuant to 22 U.S. Code § 612.

34. Upon information and belief, Defendant Bo Shan is not entitled to claim any exceptions to registration pursuant to 22 U.S. Code § 612 that are enumerated in 22 U.S. Code § 613.

35. Upon information and belief, Defendant Bo Shan has continuously been in a state of violation of 22 U.S. Code § 612 for at least 5 years or more, and such violation is ongoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request the Court to enter Judgment against Defendants, jointly and severally, as follows:

A. Ordering that the Defendants cease and desist from serving the interests of the CCP, and RCP, or;

B. Ordering that the Defendants immediately comply with the registration obligations of 22 U.S. Code § 612, and;

C. Ordering that all the Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them be permanently enjoined from taking any further discriminatory acts, intentional or otherwise, against the Plaintiffs and all others similar situated, and;

D. Costs and such other relief as is just and proper.

DATED: November 28, 2022

>Respectfully submitted
>for the Plaintiffs
>
>_S_____
>Yongbing Zhang
>Law Offices of Yongbing Zhang
>223 West Jackson Boulevard, Suite 1012
>Chicago Illinois 60606
>Tel.: 312-750-9889
>Fax: 312-750-9880
>Email: yzhang@ybzlaw.com
>
>
>_S_____
>Richard N. Freeth, Esq.
>Freeth & Associates LLC
>260 Madison Ave., 8th Fl.
>New York, NY 10016
>Tel.: 917-775-7082
>Email: richfreeth@icloud.com