fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAO AN, CHUNGANG GUAN, CUI QINGYUN, HUIMIN LIN, BEILE LI, YANMING WANG, TAO ZHENG, ZHENG HU, YUAN CAO, and LINWAN FENG,<br><br>*Plaintiffs*,<br><br>-against-<br><br>WEIJIAN SHAN AND BO LEILEI SHAN,<br><br>*Defendant*. | 22-cv-10060 (ALC)<br><br>**OPINION** |

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Tao An, Chungang Guan, Cui Qingyun, Huimin Lin, Beile Li, Yanming Wang, Tao Zheng, Zheng Hu, Yuan Cao, and Linwan Feng are Chinese nationals residing in the United States. They filed this action against Defendants Weijian Shan and Bo Shan. ECF No. 19, Second Amended Complaint ("SAC"). Weijian Shan is the Executive Chairman of Pacific Alliance Group ("PAG"), an investment fund manager that manages Pacific Alliance Opportunity Fund L.P. ("PAX"). Bo Shan is Weijian Shan's son. Plaintiffs allege that the Shans violated the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 611–621 by acting "as unregistered agents of either or both" the People's Republic of China ("PRC") or the Chinese Communist Party ("CCP"). *Id.* at ¶ 29. Defendants moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. ECF No. 22. Defendants also moved to sanction Plaintiffs and their counsel pursuant to Rule 11(b) for bringing frivolous claims and initiating the lawsuit for an improper purpose. ECF No. 31. Defendants' motion to dismiss and motion for sanctions are hereby **GRANTED**. Defendants are awarded reasonable attorneys' fees and costs.

1

## BACKGROUND

I.  **Statement of Facts**

Plaintiffs are Chinese nationals residing in the U.S. Defendant Weijian Shan is the Executive Chairman of PAG, which manages PAX. Central to this action is nonparty and self-proclaimed billionaire Ho Wan Kwok. In 2008, PAX loaned $30 million to Spirit Charter Investment Limited, an entity controlled by Mr. Kwok, who personally guaranteed the loan. *Pac. All. Asia Opportunity Fund L.P. v. Kwok Ho Wan*, Index No. 652077/2017, Dkt. No. 2 at ¶ 2 (N.Y. Sup. Ct., New York County Apr. 18, 2017). PAX sued Mr. Kwok for nonrepayment, and in 2022, that court awarded PAX a $116 million judgment (the loan balance, plus interest). *Id.* Dkt. No. 716. That court held Mr. Kwok in contempt for violating a court order and imposed an additional $134 million in sanctions payable to PAX. *Id.* Dkt. No. 1181.

Shortly thereafter on February 15, 2022, seemingly in an effort to avoid complying with the New York County Superior Court's contempt order, Mr. Kwok filed for bankruptcy in the District of Connecticut. *In re Ho Wan Kwok*, No. 22-50073, Dkt. No. 1 (Bankr. D. Conn.); *Pac. All. Opportunity Fund, L.P.*, No. 22-5032, Dkt. No. 3 at 6–9 (Bankr. D. Conn.). PAX is Mr. Kwok's largest creditor.

Since at least November 2022, Mr. Kwok has used his social media platform to launch a campaign of harassment with the help of his supporters against individuals and law firms affiliated with the PAX suit and bankruptcy. *See* Order, Dkt. 133 ¶¶ 34, 41–45, 49, *In re Kwok*, Ch 11 Case Nos. 22-50073, 22-5032 ("Bankr. Prelim. Inj. Mem."). Plaintiffs have filed three lawsuits,[1] including this action, alleging that those involved in Mr. Kwok's bankruptcy

---

[1] Plaintiffs sued Paul Hastings LLP and one of its partners, Luc A. Despins. *An v. Despins*, No. 22-CV-10062 (S.D.N.Y. 2023) (VEC). The Bankruptcy Court appointed Mr. Despins, represented by Paul Hastings, as the Chapter 11 trustee of Mr. Kwok's controlled entities. *See* Orders, Dkts. 523, 668, *In re Kwok*, Ch 11 Case Nos. 22-50073, 22-5032. Mr. Kwok's supporters have also targeted Mr. Despins' ex-wife and children. Plaintiffs sued O'Melveny &

2

proceeding are agents of either the CCP or the PRC and have violated FARA by failing to register.[2] On November 28, 2022, Plaintiffs filed their initial complaint in this case, ECF No. 1. The Complaint accuses Defendant Weijian Shan of being a "high-level intelligence agent of the CCP" and labels Mr. Shan's autobiography as "modern propaganda." SAC at ¶¶ 64, 71. Plaintiffs point to a picture of him with Senator Dianne Feinstein, who, they allege "over her entire political career, has supported communist causes and more recently was revealed to have a CCP spy" serving in her office, and she has "derived significant earnings from companies in China." *Id.* at ¶ 72. Plaintiffs also claim Defendant Bo Shan is a CCP agent working in conjunction with Defendant Weijian Shan. *Id.* at ¶¶ 81–82. Plaintiffs claim "[t]he Defendants' actions have contributed to the PRC's and CCP's efforts to harass, intimate, defame and deny the Constitutional rights of the Plaintiffs." *Id.* at ¶ 30. Plaintiffs do not detail what actions Defendants have purportedly taken, but they appear to take issue with Defendants' business activities.

      Mr. Kwok's supporters have made defamatory online postings against their targets, including picketing outside of their places of employment, homes, and school. ECF No. 23 at 11. Mr. Kwok's supporters have targeted the Shan family. Plaintiff Cui Qingyun has admitted to participating in the demonstrations against Defendants. SAC at ¶ 58(f). In November 2022, the Bankruptcy Court found that Mr. Kwok had "been defaming, harassing, and encouraging and organizing protests against individuals involved in [Mr. Kwok's] Chapter 11 case[,]" and granted

---

Myers LLP and one of its partners, Stuart Sarnoff. *Gong v. Sarnoff*, No. 23-CV-00343 (S.D.N.Y. 2023) (LJL). O'Melveny and Mr. Sarnoff represent PAX in the bankruptcy proceeding.

[2] Relatedly, Plaintiffs also sued the University of Maryland, where Mr. Shan's daughter is enrolled, in response to the university's decision to bar Mr. Kwok's supporters from protesting on campus. *Wyatt v. Univ. of Maryland*, No. 23-CV-742 (D. Md. 2023).

a TRO prohibiting Mr. Kwok and "other persons who are in active concert or participation" with him from these antics. *Pac. Opportunity Fund, L.P.*, No. 22-5032, Dkt. 26 at 3, 7.

On January 11, 2023, the Bankruptcy Court enjoined Mr. Kwok and anyone "in active concert" with him, including Plaintiff Beile Li, from harassing or "doxing" Defendants. Order, Dkt. 134 ¶ 5, *In re Kwok*, Ch 11 Case Nos. 22-50073, 22-5032 ("Bankr. Prelim. Inj."). The Bankruptcy Court determined that Plaintiff Li is an agent of Mr. Kwok. *Id.* For example, Mr. Kwok praised Plaintiffs as "comrades" and posted images of this complaint on social media. ECF No. 3-5.

On December 15, 2022, Plaintiffs filed an amended complaint. ECF No. 8. On January 17, 2023, Plaintiffs filed their SAC. ECF No. 19. On February 1, 2023, Defendants moved to dismiss the SAC pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6), for failure to state a claim. ECF No. 22. Defendants argue that FARA does not provide a private right of action, and Plaintiffs lack standing. Defendants moved for sanctions on February 27, 2023. ECF No. 31.

## STANDARD OF REVIEW

### I.     Federal Rules of Civil Procedure 12(b)(1)

In this Circuit, a case is "'properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A challenge to a plaintiff's standing is analyzed under Rule 12(b)(1) as a question of subject matter jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) ("At issue here are defendants' Rule 12(b)(1) challenges to standing at the pleading stage.").

4

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id*. (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id*. (citing *Makarova*, 201 F.3d at 113).

II.     **Federal Rules of Civil Procedure 12(b)(6)**

In this Circuit, claims brought under statutes that lack a private right of action is analyzed under Rule 12(b)(6) as a failure to state a claim. *Fair v. Verizon Commc'n Inc.*, 621 Fed. App'x. 52, 53 (2d Cir. 2015) ("Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim.") (collecting cases). When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.     Motion for Sanctions

The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (citation and alterations omitted). Where the request for sanctions is based on the frivolity of legal arguments, "Rule 11 mandates sanctions where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989). "Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). The Court must consider whether

6

the improper conduct was "willful" or "negligent," whether the conduct was "part of a pattern or activity," or whether the party had "engaged in similar conduct in other litigation." *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *12 (S.D.N.Y. Sept. 24, 2008). "The sanction may include ... reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

## DISCUSSION

### IV. Plaintiffs' FARA Claim Fails.

#### a. FARA Does Not Provide a Private Right of Action.

In this case, Plaintiffs allege Defendants violated FARA. However, Plaintiffs concede that there is no private right of action under FARA. SAC at ¶ 32. "FARA specifically provides for enforcement of its provisions and assigns that task to the Department of Justice." *Comm. for a Free Namibia v. S. W. Afr. People's Org.*, 554 F. Supp. 722, 725 (D.D.C. 1982) (citing 22 U.S.C. § 618). "FARA vests the Attorney General with the exclusive authority to prosecute violations of the registration requirement, and there is no indication that Congress intended to create a private right of action." *An v. Despins*, No. 22-CV-10062 (VEC), 2023 WL 4931832, *3 (S.D.N.Y. Aug. 2, 2023). The purpose of the statute is "[t]o protect the national defense, internal security, and foreign relations to the United States." *Meese v. Keene*, 481 U.S. 465, 469 (1987). Where "no provision . . . explicitly provides a private right of action," courts "begin with the presumption that Congress did not intend one." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007).

Plaintiffs seem to imply that Congress intended to create such a right. However, courts across the country have rejected the contention that FARA could be interpreted to provide a private right of action. *See Weican Meng v. Xinhuanet Co.*, No. 16 Civ. 6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) ("'[N]o language in [FARA] or its legislative history

suggests that Congress intended to establish a cause of action in any entity other than the Federal Government.'" (quoting *Free Namibia*, 554 F. Supp. at 725)); *Dvoinik v. Rolff*, No. 8:23-CV-0623-KKM-CPT, 2023 WL 3276398, at *5 (M.D. Fla. May 5, 2023) ("Nothing in the statutory scheme suggests an intent to create a private cause of action for FARA violations."); *Henry v. Washington*, No. 3:22-CV-5673-DGE, 2022 WL 9491957, at *2 (W.D. Wash. Sept. 16, 2022), *report & recommendation adopted*, No. 3:22-CV-05673-DGE, 2022 WL 9372175 (Oct. 14, 2022) (same). In both cases brought by Plaintiffs against Mr. Kwok's other adversaries, the court likewise rightfully found no private right of action under FARA. *Despins*, 2023 WL 4931832, at *3 (collecting cases); *Gong v. Sarnoff*, No. 23-CV-00343 (LJL), 2023 WL 4561800, *11 (S.D.N.Y. July 17, 2023).

### a. Plaintiffs Lack Standing to Bring a Claim Under FARA.

"For a plaintiff to have Article III standing, he must establish three things: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022). "An injury-in-fact is 'an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" *In re USAA Data Sec. Litig.*, 621 F. Supp. 3d 454, 464 (S.D.N.Y. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "[I]t is not enough to allege a defendant violated the statute; '[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation' will have standing." *Id.* (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021)).

Even if the Court were to find the statute provided a private right of action, Plaintiffs lack standing to bring a FARA suit. Plaintiffs have not sufficiently alleged that they have been harmed by Defendants' purported violation of FARA. "[I]nformational standing requires that a

plaintiff be 'deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it and ... [that he] suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure.'" *Gong*, 2023 WL 4561800, at *11 (quoting *NRDC v. DOI*, 410 F. Supp. 3d 582, 597 (S.D.N.Y. 2019)) (internal citation omitted). As the court in *Despins* correctly found, "Plaintiffs have alleged no facts that would permit the Court plausibly to infer that they have suffered an injury in fact that is 'concrete and particularized,' not 'conjectural or hypothetical,' let alone an injury that might conceivably be traced to Defendants' failure to register as an agent of a foreign government." 2023 WL 4931832, at *4 (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). There is no causal connection between Defendants' business activities and Plaintiffs' alleged harm.

This Court finds "the [SAC] does not adequately plead standing to bring a FARA claim [and it] must be dismissed under Rule 12(b)(1)." *Gong*, 2023 WL 4561800, at *11. Because Plaintiffs' Complaint is dismissed on this ground, the Court need not reach Defendants' personal jurisdiction claims.

## V. Defendants' Motion for Sanctions Is Granted.

Defendants next move to sanction Plaintiffs and their counsel pursuant to Rule 11(b) for bringing frivolous claims and initiating the lawsuit for an improper purpose. ECF No. 31. Plaintiffs' FARA claims lacked any basis in law, had "no chance of success and [raised] no reasonable argument to extend, modify or reverse the law[.]" *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995). Plaintiffs concede there is no existing precedent to support its claims and it failed to "come forward at any point with any authority or coherent explanation as to why" they have a private right of action under FARA, and the claim was "thus objectively frivolous." *Thompson v. Steinberg*, 2021 WL 3914079, at *7 (S.D.N.Y. Sept. 1, 2021), *aff'd*, 2023 WL 353359 (2d Cir. Jan. 23, 2023).

The record here makes clear that this action was filed in federal court by Mr. Kwok's supporters in an attempt to further harass Defendants. In a social post on February 16, 2023, a broadcasting company founded by Mr. Kwok named NFSCSpeaks ("NFSC" is the "New Federal State of China") called Plaintiffs in this case "ten of our New Federal State brothers and sister[s]," and discussed "why we sued" the Shans, claiming "we're actually harassing Shan by telling lies." SAC at ¶¶ 36–37. On the same day, after Defendants served its sanctions motion on Plaintiff's counsel but before Defendants filed it to the docket on February 27, 2023, NFSCSpeaks published pages of the sanctions motion online, and commentators defamed one Defendant and Defendants' counsel by labeling them CCP spies. ECF No. 34-8 at 1–2. These actions demonstrate Plaintiffs worked in concert with Mr. Kwok's NFSCSpeaks because they obtained a copy of the unpublished sanctions motion.

Plaintiffs' counsel appears to have neglected to do the minimum inquiry required before bringing this suit. "A reasonable inquiry would have revealed that Plaintiffs' FARA claim was patently untenable for numerous reasons, not least of which was failing adequately to allege standing." *Despins*, 2023 WL 4931832, at *5. Plaintiffs clearly failed to meet the minimum threshold to assert standing. They suffered no concrete or particularized injury from Defendants' purported failure to register under FARA, and their conclusory statements are grossly inadequate. *TransUnion LLC*, 141 S. Ct. at 2206. Neither do Plaintiffs "explain how whatever harm they experienced is 'fairly traceable' to Defendants' failure to register." *Despins*, 2023 WL 4931832, at *5 (quoting *Lujan*, 504 U.S. at 560).

An attorney is barred from presenting a filing "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). An improper purpose may be inferred if, "in light of Plaintiffs' conduct during and

10

outside of litigation, a complaint is so baseless as to suggest that there is an ulterior motive behind the lawsuit." *Despins*, 2023 WL 4931832, at *6 (citation omitted). *See also Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) ("The total lack of substance [of a complaint] gives rise to the inference that the action was filed for improper purposes.").

Rule 11 "authorizes assessment of a fee against counsel, a party, or both." *Eastway Constr. Corp. v. City of N.Y.*, 821 F.2d 121, 124 (2d Cir. 1987). Plaintiffs' counsel's filing of numerous frivolous FARA lawsuits against persons involved in Mr. Kwok's bankruptcy proceeding demonstrate Plaintiffs acted in bad faith, and their true intention in filing the suit was to harass Defendants. The *Despins* court recognized the concerning "copy-and-paste nature" of Plaintiffs' suits against Mr. Kwok's adversaries. 2023 WL 4931832, at *6.[3] The Court is in emphatic agreement with Judge Lewis J. Liman's determination that "[t]he inescapable conclusion is that [counsel] Zhang and Freeth are targeting those with interests opposed to Kwok's with the aim of chilling what they perceive as advocacy against him." *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, *14 (S.D.N.Y. Aug. 22, 2023).

Plaintiffs' counsel had principal responsibility over filing a complaint that pleads adequate facts. *United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 171 (2d Cir. 2003). They did not comply with that duty. However, the Court also notes that "Plaintiffs bear responsibility for the harassment and frivolity of this lawsuit" because they decided to continue to pursue this lawsuit even after the Bankruptcy Court issued its injunction in January 2023. *Despins*, 2023 WL 4931832, at *7. Additionally, the Bankruptcy Court found Plaintiff Beile Li was an agent of Mr. Kwok. Bankr. Prelim. Inj. at ¶ 5. Plaintiff Cui Qingyun has admitted to participating in the demonstrations against Defendants. SAC at ¶ 58(f), and in both

---

[3] Judge Valerie Caproni pointed to Plaintiffs' inclusion of an allegation in the *Despins* complaint against Bo Shan, who is a nonparty in that case. *Id.*

their SAC and opposition to Defendants' motion to dismiss, Plaintiffs conceded that FARA does not provide a private right of action, yet they refused to withdraw the claims. SAC at ¶ 32; ECF 25 at 15.

Defendants are awarded reasonable attorneys' fees and costs to be imposed jointly and severally upon Plaintiffs and Plaintiffs' counsel. Defendants are directed to file an application for fees and costs within fourteen days of the date of this Order.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and motion for sanctions are hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendants are awarded reasonable attorneys' fees and costs. Defendants are directed to file an application for fees and costs within fourteen days of the date of this Order. The Clerk of the Court is respectfully directed to close the open motions at ECF Nos. 22, 30–31.

**SO ORDERED.**

Dated: September 25, 2023
      New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**